# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Caesars Enterprise Services, LLC, Harrah's Resort Southern California, Inc., and DOES 1-30

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Laura Ramirez

---

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/29/2019** at 03:56:18 PM
Clerk of the Superior Court
By Michael Clemens, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* The North County Regional Center

**37-2019-00040191-CU-WT-NC**

325 South Melrose Dr.
Vista, CA 92081

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles P. Boylston, 28991 Old Town Front Street, Suite 103, Temecula, CA 92590, 909-825-9276

DATE: 08/02/2019      Clerk, by _M. Clemens_, Deputy
(Fecha)                (Secretario)                (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Caesars Enterprise Services, LLC**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/3/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Charles P. Boylston, SBN 204955
Amber S. Jones, SBN 317786
The Law Offices of Charles P. Boylston, APC
28991 Old Town Front Street, Suite 103
Temecula, CA 92590
Phone -         (909) 825-9276
Facsimile -    (909) 825-9369
cboylston@boylstonlaw.com

Attorneys for Plaintiff, Laura Ramirez

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**07/29/2019** at 03:56:18 PM
Clerk of the Superior Court
By Michael Clemens, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN DIEGO

| | |
|---|---|
| LAURA RAMIREZ,<br><br>        PLAINTIFF,<br><br>    vs.<br><br>CAESARS ENTERPRISE SERVICES, LLC,<br>HARRAH'S RESORT SOUTHERN<br>CALIFORNIA, INC., AND DOES 1 TO 30<br>DEFENDANTS, | CASE NO.: 37-2019-00040191-CU-WT-NC<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1) FAILURE TO PAY OVERTIME<br>2) FAILURE TO PAY MINIMUM WAGE<br>3) FAILURE TO PROVIDE MEAL AND REST PERIODS<br>4) FAILURE TO PAY ALL WAGES<br>5) WAITING TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE §203<br>6) RETAIATION (WHISTLEBLOWER IN VIOLATION OF LABOR CODE SECTION 1102.5)<br>7) WRONGFUL TERMINATION (CONSTRUCTIVE DISCHARGE)<br>8) UNFAIR BUSINESS PRACTICE CLAIM UNDER BUSINESS AND PROFESSION CODE §17200<br><br>[JURY TRIAL REQUESTED] |

Plaintiff, Laura Ramirez, alleges as follows:

///

///

COMPLAINT FOR DAMAGES - 1

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff, Laura Ramirez (herein and after referred to as PLAINTIFF) is and at all times relevant to this complaint was a California resident and previously was an employee of defendants, Caesars Enterprise Services, LLC working out of Funner, at California at Harrah's Resort Southern California, Inc.;

2. Defendant Caesars Enterprise Services, LLC, holds itself out as a Nevada Corporation, doing business in California and as an agent of Defendant Harrah's Resort Southern California, Inc., and at times relevant this complaint was PLAINTIFF'S employer.

3. The true names and capacities of the defendants named herein as Does 1 through 30, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure § 474. PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or some other manner, for the occurrences alleged herein, and that the damages as alleged herein were proximately caused by their conduct.

4. PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident.

5. PLAINTIFF will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined. PLAINTIFF, therefore, designates such defendants as DOES 1 – 30, inclusive, and sues them under those fictitious names.

6. To the extent that such corporate entities are responsible for all acts of their employees, agents, representatives, and principals as all alleged actions were done within the course and scope of their employment.

7. To the extent that such DOE defendants are individuals, PLAINTIFF sues them in that capacity and alleges that they took the actions for the benefit of themselves. PLAINTIFF will amend this complaint to state the manner in which each fictitious defendant is so responsible and will ask leave of Court to amend this complaint to show their respective true names and capacities when ascertained.

8. PLAINTIFF alleges that each and every defendant, including all defendants designated as DOE were responsible directly or indirectly responsible for the events referred to herein and, in some manner, caused injuries to her as hereinafter alleged. PLAINTIFFF alleges as well that each Defendant at all times relevant to the complaint were acting as authorized agents, representatives, and/or employees of the other defendants and are therefore responsible for the harms alleged herein. Throughout the remainder of this complaint CAESARS ENTERPRISE SERVICES, LLC, HARRAH'S RESORT SOUTHERN CALIFORNIA, INC., and DOES 1 through 30 shall collectively be referred to as "DEFENDANTS";

9. In violating state and federal laws, and acting contrary to fundamental public policies set forth therein, DEFENDANTS and each of them did so with an intent to cause PLAINTIFF substantial emotional harm and/or with a complete reckless disregard for PLAINTIFF'S right so as to justify punitive damages pursuant to California Civil Code §3294.

10. PLAINTIFF further alleges that she was one of several current and former employees harmed by the unlawful conduct set forth throughout this complaint and hereby brings this complaint on behalf of herself and all other such similarly situated employees and does request by way of this complaint injunctive relief including restitution of all wages owed to current and former employees within four years of the filing of this complaint as well as a recovery of reasonable attorney fees incurred in bringing this action pursuant to Ca. Business & Professions Code §17200, et. seq. PLAINTIFF further alleges that members of the public, consumers, clients, and competitors were also harmed by the practices complained of herein and PLAINTIFF shall further seek relief on their behalf to the extent permitted under the law;

11. PLAINTIFF further shall seek to recover reasonable attorney fees pursuant to Ca. Labor Code §1192 (failure to pay overtime). PLAINTIFF reserves the right under any and all other applicable statutes, including Ca. Business and Professions Code §17200, Ca. Labor Code §2600, to seek recovery of reasonable attorney fees.

///
///
///

## GENERAL ALLEGATIONS

12. PLAINTIFF began working for DEFENDANT in April of 2014. PLAINTIFF originally was hired as a cashier and was promoted to supervisor in 2015;

13. PLAINTIFF'S salary at the time of promotion was $42,000 per year. Prior to being placed in a supervisory role PLAINTIFF was paid hourly;

14. In 2016 PLAINTIFF did require time off due to a family member's medical issues. Thereafter PLAINTIFF did have to occasionally take time off from work to care for her family member. This ultimately resulted in DEFENDANTS reducing PLAINTIFF back down to an hourly employee.

15. DEFENDANTS paid PLAINTIFF at an hourly rate of approximately $24.02 per hour. PLAINTIFF worked many times in excess of eight hours in a day. It was DEFENDANT'S policy and procedure to only pay for overtime hours if the employee worked more than forty hours in a week. Based upon such, if PLAINTIFF worked in excess of eight hours in a day but did not work in excess of forty hours in a week DEFENDANT did not pay overtime compensation for the hours PLAINTIFF had worked in excess of eight in a day.

16. PLAINTIFF was subjected to and further witnessed what she perceived to be unlawful conduct during her employment. DEFENDANTS did not want employees to take meal and rest breaks. DEFENDANTS required employees to clock out for a meal period and then continue working while clocked out. If an employee did not clock out they were required to modify their time cards to make it appear as though they clocked out. In addition, when PLAINTIFF would try to take a rest period DEFENDANTS refused to allow it and made PLAINTIFF continue to work. PLAINTIFF spoke up and opposed those unlawful practices both on behalf of herself as well as similarly situated employees.

17. On more than one occasion, PLAINTIFF complained to DEFENDANT about the wage an hour issues and each such complaint was either brushed aside or left PLAINTIFF with the impression that DEFENDANT, and each of the individual agents and representatives, including managers and supervisors, who heard such complaints were unhappy with those complaints;

18. DEFENDANTS, by way of its agent and representatives, would subject PLAINTIFF to cruel verbal abuse and stress due to the hostile work environment, based upon PLAINTIFF'S complaints of unlawful conduct. PLAINTIFF ultimately was forced to take time off from work due to stress and anxiety which resulted due to DEFENDANTS' unlawful policies and retaliatory conduct engaged in as a result of PLAINTIFF speaking up regarding the unlawful practices.

19. PLAINTIFF continually opposed forgery or manipulation of time records as demanded by DEFENDANTS. When PLAINTIFF spoke up, she continued to be verbally reprimanded and directed to change the time records regardless. PLAINTIFF'S refusal to alter her timecards resulted in increased tension and stress at work and after repeated demands and pressure by management PLAINTIFF could no longer work under those conditions. In or about August of 2018 PLAINTIFF took a medical leave due to stress and anxiety caused by the hostile work environment she was subjected to. In October of 2018 due to the harms she suffered as a result of the retaliation and abuse relating to her opposition to unlawful practices and the refusal of DEFENDANTS to address, change, or alter their unlawful practices, PLAINTIFF had no choice but to resign.

20. As a direct result of the foregoing, unlawful and retaliatory conduct PLAINTIFF did in fact suffer significant stress, anxiety, and emotional harms which further required her to take a medical leave from work and ultimately was forced to quit her employment, causing further stress, anxiety and financial strain.

21. As a direct and approximate result of all the foregoing, PLAINTIFF has suffered substantial harm, including mental and physical injuries, severe stress, anxiety, and depression. As a direct and approximate result of DEFENDANT'S unlawful conduct, PLAINTIFF has further been harmed in that she has lost substantial wages.

22. At the time of the termination, PLAINTIFF was making $24.02 per hour. PLAINTIFF was still working hours in excess of forty hours in a week without receiving proper overtime.

23. PLAINTIFF alleges that DEFENDANTS, and each of them, did engage in the foregoing unlawful, fraudulent practices with regard to wages and that such was done, not only against PLAINTIFF but against all similarly situated persons, and that there was a companywide policy of depriving employees of hours worked in such a way so as to always deprive the employees of their appropriate wages;

24. PLAINTIFF alleges that the foregoing unfair business practices did harm PLAINTIFF as well as similarly situated employees, and gave an unfair advantage against competitors who are acting in compliance with the law in paying all wages due and owing to their employees;

25. PLAINTIFF further alleges that in the absence of court action to intervene, DEFENDANTS and each of them shall continue to engage in the unlawful practice set forth throughout this complaint;

26. In bringing this action, PLAINTIFF has done so for purposes not only of protecting her own rights and securing relief for the harms done to her, but as well on behalf all individuals and society in general harmed by DEFENDANT'S unfair business practice and as such shall seek, to the extent permitted under the law, to recover any and all attorney fees as well as potential reasonable attorney fees incurred in bringing this action;

## FIRST CAUSE OF ACTION
## (FAILURE TO PAY OVERTIME)
## (AGAINST ALL DEFENDANTS)

27. PLAINTIFF incorporates herein by reference paragraphs 1 through 26, above as though fully set forth herein below;

28. Within three (3) years of the filing of this complaint, PLAINTIFF did work hours in excess of eight in a day or forty in a week;

29. PLAINTIFF believes and alleges that from 2016 through the cessation of her employment she worked on average three to four (3-4) hours of overtime on a weekly basis;

30. PLAINTIFF would further work ten-hour shifts and work approximately eleven hours on each ten-hour shift. These shifts did not qualify for any alternative work week schedule as proper protocols were not met as required by California law;

31. As a direct and approximate result of DEFENDANT'S unlawful conduct, PLAINTIFF has lost substantial wages, including amounts that should have been paid at an overtime rate, all amounts subject to proof at the time of trial;

32. In pursing this action, PLAINTIFF has been forced to obtain counsel and shall seek to recover reasonable attorney fees incurred in this matter;

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE
## (AGAINST ALL DEFENDANTS)

33. PLAINTIFF incorporates herein by reference paragraphs 1 through 26, above as though fully set forth herein below;

34. DEFENDANTS, and each of them, had a policy and practice of only paying overtime if the employee worked more than forty hours in a week. If the employee worked in excess of eight hours in a day overtime was not paid if the employee's hours did not exceed forty hours for the week.

35. As a direct and approximate result of DEFENDANT'S practices, PLAINTIFF and all similarly situated employees have been denied wages, including minimum wages and they were working hours and minutes each day that were not properly compensated for;

36. As a direct and approximate result of DEFENDANT'S unlawful conduct, PLAINTIFF has been denied wages in the amounts subject to proof at the time of trial;

37. In bringing this action, PLAINTIFF has been forced to retain counsel and shall seek to recover reasonable attorney fees pursuant to any and all applicable law;

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
### (AGAINST ALL DEFENDANTS)

38. PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1 through 26;

39. At times relevant to this complaint, but in any case, at least within one year of the filing of the complaint, PLAINTIFF worked more than six hours in a day without receiving one-half an hour of uninterrupted break time as required by California law.

40. PLAINTIFF was not provided opportunities to cease work to take lunch periods. DEFENDANTS had a policy and practice of requiring employees to clock out during their lunch period and then continue to work. If an employee did not clock out for their lunch period they would be directed by DEFENDANTS to modify their time cards to show the employee took a break, even though no break was actually taken;

41. In addition, at times relevant to this complaint and within the applicable statute of limitations, PLAINTIFF was repeatedly denied rest breaks. PLAINTIFF often worked four or more hours without being relieved of all duties for a period of at least 10 minutes;

42. PLAINTIFF alleges that she was therefore denied meal periods daily, and rest periods thereby entitling her to penalties pursuant to Ca. Labor Code § 226.7 in an amount subject to proof at the time of trial.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES
### (AGAINST ALL DEFENDANTS)

43. PLAINTIFF incorporates herein by reference paragraphs 1 through 26, above as though fully set forth herein below;

44. Within three (3) years of the filing of this complaint, PLAINTIFF did work hours in excess of eight in a day or forty in a week;

45. PLAINTIFF was required to clock out for her meal periods and continue to work and/or required to modify her timecards when she did not clock out to make it appear as though she took a meal period

46. DEFENDANTS failed to provide rest periods after four hours of work, expecting employees to continue to work without rest periods as mandated by California law. PLAINTIFF was further denied lunch breaks after six hours of work as mandated by California law;

47. PLAINTIFF estimates she was denied no less than ten (10) breaks each week, either by missing a meal period, rest break, or both. In addition, as a result of DEFENDANTS failing to properly establish an alternative work week election PLAINTIFF would have been entitled to no less than two (2) lunch breaks for each ten (10) hour shift that she worked, therefore she would have been entitled to no less than ten (10) additional meal and rest breaks;

48. As a direct and approximate result of DEFENDANT'S unlawful conduct, PLAINTIFF has lost substantial wages, including amounts that should have been paid at an overtime rate, all amounts subject to proof at the time of trial;

49. In pursing this action, PLAINTIFF has been forced to obtain counsel and shall seek to recover reasonable attorney fees incurred in this matter;

## FIFTH CAUSE OF ACTION
### WAITING TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE §203
### (AGAINST ALL DEFENDANTS)

50. The allegations set forth in paragraphs 1-26 are re-alleged and incorporated herein by reference as though set forth at length herein;

51. PLAINTIFF has made demands that she be paid all wages due and owing. PLAINTIFF opposed unlawful practices including requiring employees to clock out and continue to work for meal periods, DEFENDANTS not permitting time for employees to take rest periods, and the failure of DEFENDANTS to pay overtime wages;

52. At the time of PLAINTIFF'S termination, DEFENDANTS knew or should have known that PLAINTIFF was entitled to receive compensation for all time worked;

53. Pursuant to California Labor Code §203, DEFENDANT'S conduct was therefore willful, and PLAINTIFF is entitled to recover eight hours of pay for each day that has transpired since PLAINTIFF ceased working for the company up to a total of 30 days or 240 hours;

54. Pursuant to the applicable statutes, PLAINITFF is, therefore, entitled waiting time penalties and seeks the same in the amount of approximately $5,760.80;

55. PLAINTIFF further shall seek to recover any and all costs and fees PLAINTIFF is entitled to recover for having to bring this action;

## SIXTH CAUSE OF ACTION
## RETALIATION (VIOLATION OF CA. LABOR CODE 1102.5)
## (AGAINST ALL DEFENDANTS)

56. PLAINTIFF incorporates paragraphs 1 through 26 as though fully set forth herein.

57. During PLAINTIFF's employment, as set forth above and incorporated herein by reference, PLAINTIFF complained about conduct on the part of DEFENDANTS she reasonably perceived to be, and which was unlawful including but not limited to;

    a. Failure to pay proper overtime hours;

    b. Failure to provide meal and rest periods;

    c. Forgery and manipulation of timecards.

58. Close in time to any of these complaints, PLAINTIFF was disciplined, reprimanded, unfairly criticized, no longer communicated to in a friendly manner, ostracized, spoken down to, and otherwise subjected to adverse employment actions as further set forth throughout this complaint;

59. PLAINTIFF alleges that in taking these adverse actions, DEFENDANTS and each of them were motivated or acted at the direction of individuals motivated substantially by PLAINTIFF's complaints of conduct she reasonably perceived to be, and which in fact were, unlawful;

60. As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has been harmed in that she has lost wages, suffered emotional injuries as exemplified by

depression, anxiety, feelings of loss, humiliation and fear all in an amount subject to proof at the time of trial.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION (CONSTRUCTIVE DISCHARGE) IN VIOLATION OF PUBLIC POLICY
## (AGAINST ALL DEFENDANTS)

61. PLAINTIFF incorporates by reference paragraphs 1 through 26 above, as though fully set forth herein.

62. PLAINTIFF was forced to resign from her employment with DEFENDANTS in or about October of 2018. PLAINTIFF was forced to resign due to the refusal on the part of DEFENDANTS to address unlawful conduct, including the failure on the part of DEFENDANTS to pay PLAINTIFF appropriate wages as required by California law and retaliatory conduct as a result of PLAINTIFF'S complaints of the unlawful wage and hour practices;

63. PLAINTIFF alleges that due to DEFENDANTS' conduct, as set forth throughout this complaint, PLAINTIFF was essentially forced to quit. PLAINTIFF further alleges that any employee, similarly, situated to PLAINTIFF would reach the same conclusion;

64. PLAINTIFF alleges that DEFENDANTS created a workplace so toxic that PLAINTIFF could no longer work in that environment for reasons and in a manner violating one or more of the fundamental public policies. At all times relevant to this complaint, California has had a fundamental policy protecting employees' rights to disclose working conditions, report unlawful conduct or conduct they reasonably believe to be unlawful. PLAINTIFF alleges that her termination violated each of these policies;

65. As a proximate result of DEFENDANTS' constructive discharge of PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that PLAINTIFF has suffered loss of wages and benefits PLAINTIFF would have received if she had not been subjected to the unlawful conduct. As a result of this conduct PLAINTIFF has suffered such damages in an amount according to proof.

66. As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has been harmed in that she has suffered severe emotional distress, mental and emotional injuries, and loss of income all in an amount subject to proof at the time of trial;

67. DEFENDANTS and each of them, in acting or having failed to act, have done so with an intention to cause PLAINTIFF harm, or with such reckless disregard for PLAINTIFF's rights, health, and welfare, that it is proper to infer intention to cause harm such that PLAINTIFF shall recover amounts against each DEFENDANT for purposes of punishing DEFENDANTS pursuant to Ca. Civil Code §3294.

## EIGHTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICE CLAIM UNDER BUSINESS AND PROFESSION CODE §17200
## (AGAINST ALL DEFENDANTS)

68. The allegations set forth in paragraphs 1-26 are re-alleged and incorporated herein by reference as though set forth at length herein;

69. In acting as set forth above, and incorporated herein by reference, DEFENDANTS, and each of them, did engage in criminal conduct, specifically for refusing to pay wages to employees that they were owed, forgery/manipulation of time cards, refusing to pay overtime, misrepresenting the hours actually worked, retaliating against PLAINTIFF for complaining of unlawful wage and hour practices;

70. PLAINTIFF alleges that without intervention, DEFENDANTS, and each of them, will continue to engage in this practice, thereby depriving their employees of appropriate wages and otherwise harming society, intended to be protected by these wages an hour and statutes;

71. PLAINTIFF, therefore, requests that DEFENDANTS be ordered to desist their unlawful practice including their refusing to pay overtime for hours worked in excess of eight in a day and refusal to provide meal and rest periods

72. PLAINTIFF further requests that the DEFENDANTS be made to review and audit all time records going back a period of three years from the date of the filing of the complaint, and

identify any employees whose hours were reduced as a result of the unlawful practice of manipulating and/or forging time cards and that those employees be contacted and made whole;

73. PLAINTIFF is seeking by way of this action and injunctive relief from the court ordering DEFENDANTS to immediately cease and desist its refusal to pay premium rates for hours worked in excess of eight in a day, that DEFENDANTS be required to maintain accurate records of meal periods, and that DEFENDANTS provide rest periods as required by California law;

74. This court order DEFENDANTS, and each of them, to pay such amounts to any and all such employees within thirty days of the final judgment in the matter;

## PRAYER FOR RELIEF

Wherefore, as to PLAINTIFF's First, Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action, PLAINTIFF prays that judgment be entered in her favor and against DEFENDANTS, and each of them, jointly and severally as follows:

1. For Special Damages and Compensatory damages;
2. For Punitive Damages pursuant to Ca. Civil Code §3294;
3. For waiting time penalties
4. For costs;
5. For Reasonable Attorney fees;
6. For interest on any judgment; and
7. Any and all other relief permitted by Statute or otherwise determined to be proper by this court.

As to PLAINTIFF'S Eighth Cause of Action, PLAINTIFF prays that judgment be entered in her favor and against DEFENDANTS, and each of them, jointly and severally as follows:

1. For restitution to PLAINTIFF and all similarly situated employees;
2. For an injunction requiring DEFENDANTS to immediately cease the unlawful wage and hour practices set forth in the complaint;

3. For an injunction requiring a third-party audit of DEFENDANTS' payroll records for four years prior to the filing of this complaint, and requiring payment to all employees during that period of wages denied as a result of requiring employees to clock out even when they continued to work;

4. For an injunction requiring the review of payroll records to ensure compliance with Ca. Labor Code §1197.5 for three years prior to the filing of this complaint;

5. For costs;

6. For Reasonable Attorney fees; and

8. Any and all other relief permitted by Statute or otherwise determined to be proper by this court.

Dated: July 26, 2019

The Law Offices of Charles P. Boylston, APC

_____
Charles P. Boylston, Esq.,
Amber S, Jones, Esq. Attorneys for PLAINTIFF,
Laura Ramirez

## DEMAND FOR JURY TRIAL

PLAINTIFF herein demands a jury trial as to her complaint filed concurrently herewith, in particular the complaint for damages by Laura Ramirez v. Caesars Enterprise Services, LLC, Harrah's Resort Southern California, Inc., and DOES 1 to 30

Dated: 7-26-19

Charles P. Boylston, Esq.
Amber S. Jones, Esq. Attorneys for
PLAINTIFF, Laura Ramirez

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Charles P. Boylston/204955    Amber S. Jones/317786<br>The Law Offices of Charles P. Boylston, APC<br>28991 Old Town Front Street, Suite 103<br>Temecula, CA 92590<br>TELEPHONE NO.: 909-825-9276    FAX NO.: 909-825-9369<br>ATTORNEY FOR *(Name)*: Laura Ramirez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**07/29/2019** at 03:56:18 PM<br>Clerk of the Superior Court<br>By Michael Clemens, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 South Melrose Dr.
MAILING ADDRESS: 325 South Melrose Dr.
CITY AND ZIP CODE: Vista, 92081
BRANCH NAME: North County Division

CASE NAME:
Ramirez v. Caesars Enterprise Services, LLC, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2019-00040191-CU-WT-NC |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Robert P Dahlquist<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/26/2019

Charles P. Boylston
(TYPE OR PRINT NAME)                                    ▶ _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                             Cal. Standards of Judicial Administration, std. 3.10
                                                                                             www.courtinfo.ca.gov

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 325 S Melrose DRIVE | |
| MAILING ADDRESS: 325 S Melrose DRIVE | |
| CITY AND ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8029 | |

PLAINTIFF(S) / PETITIONER(S):     Laura Ramirez

DEFENDANT(S) / RESPONDENT(S):     Caesars Enterprise Services, LLC et.al.

LAURA RAMIREZ VS CAESARS ENTERPRISE SERVICES [IMAGED]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2019-00040191-CU-WT-NC |

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Robert P Dahlquist                               Department: N-29

**COMPLAINT/PETITION FILED:** 07/29/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/10/2020 | 09:00 am | N-29 | Robert P Dahlquist |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).