20191112 - Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Ryan Blackstone-Gardner, SBN 208816
rbg@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Harrah's Resort Southern California, Inc.
(a non-entity)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA RAMIREZ,<br><br>                Plaintiff,<br><br>v.<br><br>CAESARS ENTERPRISE SERVICES, LLC; HARRAH'S RESORT SOUTHERN CALIFORNIA, INC.; AND DOES 1 TO 30,<br><br>                Defendants. | Case No. 3:19-cv-02114-LAB-AGS<br>Chief Judge:    Larry Alan Burns<br>Magistrate Judge:  Andrew G. Schopler<br>Action Date:    July 29, 2019<br>Trial Date:     Not Yet Set<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ON BEHALF OF HARRAH'S RESORT SOUTHERN CALIFORNIA, INC. (A NON-ENTITY) TO DISMISS PURSUANT TO F.R.CIV.P. RULES 12(b)(4) AND (5)**<br><br>**<u>ACCOMPANYING DOCUMENTS:</u>**<br>NOTICE OF MOTION; DECLARATION OF DENISE TURNER WALSH; REQUEST FOR JUDICIAL NOTICE; AND (PROPOSED) ORDER<br><br>Date:    January 27, 2020<br>Time:    11:30 a.m.<br>Courtroom:  14A<br><br>**\*NO ORAL ARGUMENT UNLESS REQUESTED \*** |

# I.

# INTRODUCTION

Plaintiff LAURA RAMIREZ filed this lawsuit on July 29, 2019 against Harrah's Resort Southern California, Inc., a non-entity, and Caesars Enterprise Services, LLC, for alleged wage and hour violations and wrongful termination claims arising out of her employment at a casino owned and operated by the Rincon Band of Luiseno Indians and located on its reservation in Fallbrook, California. RAMIREZ filed a proof of service with the Court on October 24, 2019, claiming that she served "Harrah's Resort Southern California, Entity ID Number 2328278" by serving "Corporation Service Company."

However, as explained in detail below, there is no legal entity known as Harrah's Resort Southern California, Inc.  Rather, "Harrah's Resort Southern California" is simply a dba or trade name for the casino owned and operated by the Rincon Band of Luiseno Indians, a federally-registered Indian tribe which, by virtue of its registered status as a sovereign nation, cannot be sued by RAMIREZ. Further, Corporation Service Company, the company RAMIREZ served with the summons and complaint on behalf of "Harrah's Resort Southern California," is not a registered agent for service of process for Harrah's Resort Southern California, which is, again, not a legal entity.

By this motion, an order is sought quashing RAMIREZ's improper service of summons and all claims against Harrah's Resort Southern California, a non-entity, should be dismissed, pursuant to Federal Rule of Civil Procedure, Rules 12(b)(4) and 12(b)(5).

/ / /

/ / /

/ / /

## II.
## STATEMENT OF FACTS

1. On or about July 29, 2019, RAMIREZ filed a lawsuit in the Superior Court of San Diego – Central Division, Case No. 37-2019-00040191-CU-WT-NC ("State Action"). (Dkt. 1-2.) In the State Action, RAMIREZ named two Defendants, Caesar's Enterprise Services, LLC ("CES") and "Harrah's Resort Southern California, Inc.," and alleges she "previously was an employee of defendants, Caesars Enterprise Services, LLC working out of Funner, California at Harrah's Resort Southern California, Inc." (Dkt. 1-2, p. 2:3-5.)

2. On or about October 18, 2019, RAMIREZ attempted to serve Harrah's Resort Southern California, Inc., by serving "Corporation Service Company" as the purported agent for service of process for "Harrah's Resort Southern California, Entity ID Number 2328278." (Exh. 1.) However, that entity number bears no correlation to this case, but belongs to Barstow Chevrolet Pontiac Buick, Inc., a California corporation whose business operations have been suspended by the California Franchise Tax Board. (Exh. 2.)

3. On November 4, 2019, Defendant CES removed the State Action to federal court by filing a Notice of Removal. (Dkt. 1.)

4. There is no such legal entity known as "Harrah's Resort Southern California, Inc." Rather, Harrah's Resort Southern California is the common name or dba used for the casino that is owned and operated by and located on the tribal land of the Rincon Band of Luiseno Indians ("Rincon Band"). The Rincon Band maintains ultimate authority and control over all operations and decisions concerning the business, maintenance and management of the casino and the entire Reservation. (Turner Walsh Decl., ¶ 3.)

///
///
///

5. The Rincon Band is a federally-recognized sovereign Indian Tribe that operates the casino as a gaming enterprise, pursuant to the Indian Gaming Regulatory Act ("IGRA"). The IGRA establishes the jurisdictional framework that governs Indian gaming. 25 U.S.C. § 2702(2). (Turner Walsh Decl., ¶ 4.)

6. The creation and operation of the Rincon Band's casino was dependent upon government approval at numerous levels in order for it to conduct gaming activities that are permitted only under the auspices of the Rincon Band. The IGRA required the Rincon Band to authorize the formation of the casino through a tribal ordinance and an interstate gaming compact. 25 U.S.C. § 2701(d)(1). (*Id.*)

7. Thereafter, the Rincon Band and the State of California entered into negotiations and ultimately a Tribal-State Gaming Compact "on a government-to-government basis." This was necessary under the IGRA because the casino is not a mere revenue-producing tribal business, but is designed to promote tribal economic development, self-sufficiency, and strong tribal governments. (Turner Walsh Decl., ¶ 5.)

8. On February 8, 2013, the Secretary of the United States Department of the Interior, Indian Affairs, issued Secretarial Procedures as successor procedures to the Tribal State Gaming Compact. These Secretarial Procedures now govern the relationship between the State of California and the Rincon Band as it relates to the casino. (Turner Walsh Decl., ¶ 6.)

9. In addition to being nothing more than a trade name or a dba, Harrah's Resort Southern California does not have an agent for service of process. The Rincon Band also does not have a registered agent for service of process in California. (Turner Walsh Decl., ¶ 7.)

/ / /
/ / /
/ / /
/ / /

# III.

## RAMIREZ HAS NOT AND CANNOT PROPERLY SUE OR SERVE HARRAH'S RESORT SOUTHERN CALIFORNIA, INC. BECAUSE IT IS NOT A LEGAL ENTITY

Federal Rule of Civil Procedure Rule 12 provides, in part, as follows:

(b) Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

FRCP Rule 12(b).

Courts lack jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4. *See, S.E.C. v. Ross,* 504 F.3d 1130, 1138 (9th Cir.2007); *see also, Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (A defendant does not fall within the personal jurisdiction of the federal courts unless the defendant has been properly served under Federal Civil Procedure Rule). Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure permit a court to dismiss an action for insufficient service of process. Fed.R.Civ.P. 12(b)(4)-(5). Rule 12(b)(4) allows an attack on the form of the proof of service, and Rule 12(b)(5) allows an attack on the manner in which service was attempted. *Id.*

/ / /

/ / /

/ / /

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF HARRAH'S RESORT SOUTHERN CALIFORNIA (A NON-ENTITY) TO DISMISS PURSUANT TO FRCP 12(B)(4) AND (5)
CASE NO. 3:19-cv-02114-LAB-AGS

Once a defendant has challenged the sufficiency of process under Rules 12(b)(4) and (5), the plaintiff bears the burden of establishing its sufficiency. *See*, *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir.2004). Objections to the sufficiency of service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *See, O'Brien v. R.J. O'Brien & Assoc.*, 998 F.2d 1394, 1400 (7th Cir.1993), *citing Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir.1986).

Courts have "broad" discretion either to dismiss an action without prejudice or simply to quash service and direct plaintiffs to effect service, if possible, where service is insufficient. *See*, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 513 (9th Cir.2001); *see also*, Fed.R.Civ.P. 4(m). If the plaintiff failed to satisfy the burden to show proper service, the court has discretion to dismiss the action or retain the action and quash the service of process. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976).

Here, RAMIREZ's purported "service" on Harrah's Resort Southern California must be quashed for several reasons. First, RAMIREZ claims to have served "Harrah's Resort Southern California, Entity ID Number 2328278" by serving "Corporation Service Company." (*See*, Exh. 1.) However, Harrah's Resort Southern California is not a legal entity, but is the common name used for the casino owned and operated by the Rincon Band and there is no such entity known as Harrah's Resort Southern California, Inc. (Turner Walsh Decl., ¶ 3.) Because Harrah's Resort Southern California is nothing more than a name, it is not capable of being sued or served. (Turner Walsh Decl., ¶ 7.) *See*, e.g., *Duarte v. Bank of America*, No. 10-00372 JMS/BMK, 2011 WL 1399127, at *3 (D. Hawai'i Apr. 12, 2011)("'Bank of America' is a trade name, not a legal entity, and therefore cannot be sued.").

/ / /

/ / /

Second, the actual owner of the casino and employer of the casino employees, including RAMIREZ, is the Rincon Band, which cannot be sued as it is a federally-registered Indian tribe that, by virtue of its tribal status, is entitled to sovereign immunity.  (Turner Walsh Decl., ¶¶ 3, 4.) *See, Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57–58 (1978), 98 S.Ct. 1670, 56 L.Ed.2d 106 (Indian tribe is a sovereign authority and, as such, has tribal sovereign immunity, not only from liability, but also from lawsuits); *Tamiami Partners v. Miccosukee Tribe of Indians*, 63 F.3d 1030, 1050 (11th Cir.1995) (recognizing that allowing a suit against a tribe to go to trial would render tribal sovereign immunity "meaningless").

Pursuant to tribal sovereign immunity principles, an Indian tribe is subject to suit only where Congress has so authorized or where the tribe has waived its immunity, by consenting to suit.  *Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998), 118 S.Ct. 1700, 140 L.Ed.2d 981. **Absent such authorization or consent, courts do not have subject matter jurisdiction over lawsuits against Indian tribes.**  *Warburton/Buttner v. Superior Court,* 103 Cal.App.4th 1170, 1182 (2002) (emphasis added).

Third, even if the Rincon Band could be sued and was subject to the jurisdiction of this Court as to RAMIREZ's claims (which it is not), RAMIREZ has not named the Rincon Band as a defendant and has not served it. RAMIREZ has not sued the Rincon Band, because she is acutely aware that is has sovereign immunity from civil lawsuits like hers.

For these reasons, RAMIREZ has not and cannot sue or effectuate service on either Harrah's Resort Southern California, which is fatal to her claims against it. *See*, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988) (A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Federal Rule of Civil Procedure 4).

/ / /

# IV.
# CONCLUSION

The law is clear that RAMIREZ has failed to effectuate proper service and cannot effectuate proper service on Harrah's Resort Southern California as it is simply a name used by the Rincon Band for the casino it owns and operates on its tribal land. Furthermore, the "agent of process" RAMIREZ claims to have served on behalf of Harrah's Resort Southern California (Corporation Service Company), is not now, and has not even been, authorized to accept service on behalf of Harrah's Resort Southern California or the Rincon Band.

As a result of RAMIREZ's failure to properly serve Harrah's Resort Southern California and based on the doctrine of sovereign immunity applicable to the Rincon Band (the true owner of the casino), the Court should grant this motion, issue an order quashing service of summons on Harrah's Resort Southern California and dismiss all claims against it.

DATED:  November 12, 2019         GREENE & ROBERTS


By:  /s/ Maria C. Roberts
    Maria C. Roberts
    Ryan Blackstone-Gardner
    Attorneys for Harrah's Resort Southern
    California (a non-legal entity)